■ DANIEL H. LOPEZ, an Infant, by His Father and Natural Guardian, JAMES LOPEZ, et al., Respondents-Appellants, v LUTHERAN MEDICAL CENTER et al., Appellants-Respondents.—In an action to recover damages for medi- cal malpractice, etc., the parties cross-appeal from so much of an order of

the Supreme Court, Kings County, dated July 22, 1976, as (1) granted plaintiffs' motion for leave to serve an amended bill of particulars, (2) deemed the said bill served and (3) conditioned the grant of the motion upon the payment by plaintiffs' attorneys of costs in specific amounts to the various defendants. Order affirmed insofar as appealed from, without costs or disbursements. This malpractice action arises out of incidents surrounding the birth of the infant plaintiff. The original theory of liability, advanced by plaintiffs in bills of particulars, was that defendants failed to recognize an Rh blood incompatibility in the infant at birth. The action came on for trial in March, 1976. Prior thereto, and as a result of discovery proceedings, it was determined that no Rh incompatibility existed at the time of the infant's birth, thus severely undermining plaintiffs' theory of the case. Plaintiffs, during the presentation of their direct case, attempted to introduce a new theory of liability, i.e., that the infant was jaundiced at birth and should have been transfused immediately. Defendants objected on the ground that plaintiffs' original theory was being abandoned at trial in favor of a completely new theory. The trial court declared a mistrial, stating: "And I am taking this attitude, in declaring a mistrial, only because I have an infant involved, who is a ward of this Court and to properly protect this infant's right, I think I should give all parties an opportunity to require a further bill of particulars, if necessary, and/or amended bill of particulars, if necessary, so that the defendants will proceed on the proper theory." Plaintiffs subsequently moved for leave to serve an amended bill of particulars incorporating the new theory of liability. The Trial Term granted plaintiffs' motion, conditioned upon the payment of costs by plaintiffs' attorneys to the various defendants. In granting the motion, the Trial Term stated: "Since the plaintiff is an infant and is not involved in the laches of his attorney and in view of the well settled attitude of the appellate courts favoring dispositions of actions on the merits, as promptly as possible; and in further view of the fact that there does not appear to be any serious prejudice to the defendants, this motion is granted * * * Plaintiff's [sic] attorneys should be required under the circumstances to pay the cost of the abortive trial". In our view, the Trial Term properly granted plaintiffs' motion with appropriate conditions; thus the order appealed from should be affirmed. An infant plaintiff is not responsible for the laches of his attorney. A prompt resolution of the issues is clearly desirable in this case. The determination of the Trial Term correctly focuses on that goal and, at the same time, recompenses the defendants for the delay caused by plaintiffs' attorneys. Hopkins, Acting P. J., Martuscello, Latham, Damiani and Hawkins, JJ., concur.